UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SJ MEDCONNECT, INC., d/b/a THALAMUS,

Plaintiff(s),

v.

JOEL K. LEFKOVITZ,

Defendant(s).

Case No.2:26-CV-443  JCM (EJY)

ORDER

Presently before the court is plaintiff/counter-defendant SJ Medconnect, Inc. d/b/a Thalamus ("Thalamus")'s motion to dismiss.  (ECF No. 22).  Defendant/counterclaimant Joel Lefkovitz ("Lefkovitz") filed a response (ECF No. 23), to which Thalamus replied (ECF No. 24).

I.    **Background**

Thalamus provides a graduate medical education interview scheduling platform that connects residency and fellowship applicants with program administrators.  (ECF No. 1 at 2).  Thalamus offers this software and services through a number of websites located under the umbrella domain name <thalamusgme.com>.  (*Id.* at 3).  Thalamus has continuously owned, operated, and used these websites for the marketing of its Thalamus Suite since at least 2016.  (*Id.*).

In connection with the marking of the Thalamus Suite, Thalamus owns several U.S. trademarks.  (*Id.* at 3–5).  Thalamus has engaged in substantial advertising and promotional efforts to promote its Thalamus Suite under the Thalamus Marks.  (*Id.* at 5).  Additionally, since at least March 2016, Thalamus has used the word mark "Thalamus" in conjunction with a stylized drawing of a brain.  (*Id.*).  Thalamus argues that its extensive promotional efforts have made the Thalamus Marks unambiguously associated with the Thalamus Suite.  (*Id.*).

On or about September 11, 2025, Thalamus discovered that <thalamus.com> was now displaying the word "Thalamus" in conjunction with a different stylized drawing of a brain.  (*Id.*).

Thalamus alleges that Lefkovitz's use of the word "Thalamus" with a stylized drawing of a brain on the <thalamus.com> domain name is identical or confusingly similar to Thalamus's use of the Thalamus Marks and its own stylized brain in its marketing materials and on the <thalamusgme.com> website.  (*Id.* at 6).

Thalamus originally brought suit in Virginia as an *in rem* action styled *SJ Medconnect, Inc., dba Thalamus v. John Doe*.  (ECF No. 1, Ex. A).  Thalamus later identified Lefkovitz as the owner/registrant of the <thalamus.com> domain.  (*Id.*).  On January 5, 2026, the parties stipulated to dismiss the Virginia action and refile it in this court because Lefkovitz is a resident of Clark County, Nevada.  (*Id.*).

Thalamus filed its complaint in this court on February 18, 2026.  (ECF No. 1).  On April 8, 2026, Lefkovitz filed his answer, which included a three-count counterclaim.  (ECF No. 18).  Thalamus now moves to dismiss count three and strike counts one and two of Lefkovitz's counterclaim.  (ECF No. 22).

**II.     Failure to State a Claim**

A.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* District courts apply federal pleading standards to state law claims in federal court. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

The court, on a motion to dismiss, is limited to the allegations contained in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908

. . .

- 3 -

B.  Discussion

In count three, Lefkovitz asserts that Thalmus attempted to hijack his domain through the litigation brought in Virginia.  (ECF No. 18 at 9).  Lefkovitz fails to identify the specific legal basis for his Reverse Domain Name Hijacking ("RDNH") violation. Courts have analyzed such claims under both 15 U.S.C. § 1114(2)(D)(iv) and (v).  *See IFIXITUSA LLC v. iFixit Corp.*, No. CV-21-00887-PHX-DGC, 2022 WL 2117845, at *2 (D. Ariz. June 13, 2022) (RDNH claim under 15 U.S.C. § 1114(2)(D)(iv)); *Ricks v. BMEzine.com, LLC*, 727 F. Supp. 2d 936, 948 (D. Nev. 2010) (RDNH claim under 15 U.S.C. § 1114(2)(D)(v)).  Accordingly, the court will assess whether Lefkovitz has sufficiently pleaded a claim under either provision.

Section 1114(2)(D)(iv) authorizes a domain name registrant to bring suit against a trademark owner who makes certain material misrepresentations in the domain name dispute proceeding.  To state a claim under Section 1114(2)(D)(iv), "a plaintiff must show that the disputed domain name was 'suspended, disabled, or transferred' by a domain registrar because of a knowing and material misrepresentation by [a] defendant." *Baklan v. All Answers Ltd.*, No. CV-20-00707-PHX-JZB, 2020 WL 6063254, at *2 (D. Ariz. Oct. 14, 2020) (quoting 15 U.S.C. § 1114(2)(D)(iv)).  Furthermore, the transfer must be "'based on' the knowing and material misrepresentations.'" *IFIXITUSA LLC*, 2022 WL 2117845, at *6 (quoting *ISystems v. Spark Networks Ltd.*, No. 3:08-CV-1175-N, 2014 WL 12714837, at *4 (N.D. Tex. Sept. 19, 2014)).

Section 1114(2)(D)(v) provides a cause of action for a domain registrant who is "aggrieved by an overreaching trademark owner," allowing that registrant to seek a declaration that the domain name registration is lawful under the Anticybersquatting Consumer Protection Act ("ACPA")'s cyberprivacy prevention clause, Section 1125(d). *IFIXITUSA LLC*, 2022 WL 2117845, at *2.  To sufficiently plead a claim under this provision, a plaintiff must allege that: (1) plaintiff is the domain name registrant; (2) plaintiff had its domain name suspended, disabled, or transferred under a policy implemented by a domain name registrar; (3) the defendant, as the trademark owner seeking the domain name transfer, had notice of the action; and (4) plaintiff's use or registration of the domain name was not unlawful under the ACPA.  *Id.*; 15 U.S.C. § 1114(2)(D)(v).

Lefkovitz has not sufficiently pleaded an RDNH claim.  Both Sections 1114(2)(D)(iv) and (v) require that the domain registrar have taken some form of adverse action—such as refusing to register, removing from registration, suspending, or disabling the domain—against Lefkovitz.  By Lefkovitz's own admission, Moniker, the domain name registrar, has "not yet suspended, disabled, or transferred the domain."  (ECF No. 23 at 7); (ECF No. 18, Ex. B at 2 (email from Moniker stating it had not been informed of a lawsuit involving the disputed domain name and no action had been taken by Moniker).  Because no such action has occurred, Lefkovitz's claim must be dismissed.

Lefkovitz requests leave to amend, arguing that the ongoing litigation could eventually compel Moniker to take action satisfying the requirements of Sections 1114(D)(2)(iv) and/or (V). This arguing is unavailing.  No action has yet been taken, and permitting count three to proceed on the basis that future events might someday satisfy the pleading requirements would be tantamount to requesting an advisory opinion from the court.

Accordingly, count three of Lefkovitz's counterclaim is dismissed with prejudice.

**III.   Motion to Strike**

A.  Legal Standard

Federal Rule of Civil Procedure 12(f) permits courts to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading.  The rule's animating purpose is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…" *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

Motions to strike are disfavored.  *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (Mahan, J.).  "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.*  "Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

The burden allocation on a motion to strike sets a high bar.  A court will not strike a matter "unless it is clear that the matter to be stricken could not have any possible bearing on the subject

matter of the litigation." *In re Facebook PPC Advertising Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010). "[I]f there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1222, 1234 (D. Nev. 2006) (quoting 2A Moore's Federal Practice, ¶ 12–207). Courts further constrain the analysis by viewing the pleadings in the light most favorable to the nonmovant. *Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

B. Count One

In count one of Lefkovitz's counterclaims, he seeks a declaratory judgment stating that his acquisition, registration, use, and offering for sale of the <thalamus.com> domain name did not violate the ACPA and that Thalamus is not entitled to damages or fees. (ECF No. 18 at 8). Thalamus argues that Lefkovitz's counterclaim "is a paradigmatic redundant declaratory counterclaim," and that the court's resolution of count one of Thalamus's complaint will determine the outcome of Lefkovitz's count one as a matter of course. (ECF No. 22 at 10).

Count one of Thalamus's complaint alleges Lefkovitz violated the ACPA, 15 U.S.C. § 1125(d), when he registered, trafficked in, and used the domain name in commerce. (ECF No. 1 at 7). Thalamus further alleges that Lefkovitz registered and used the domain name with "a bad faith intent to profit from the Thalamus Marks." (*Id.*).

To determine whether Lefkovitz violated the ACPA, the court analyzes a non-exhaustive list of factors included in 15 U.S.C. § 1125(d)(B). Thalamus primarily argues that Lefkovitz's bad faith is evidenced by 1125(d)(B)(V), alleging that "Lefkovitz has never made any bona fide use of the domain name," has affirmatively offered the domain with "an intent to misleadingly attract Internet users for commercial gain and to exploit the reputation and distinctiveness of the Thalamus Marks." (ECF No. 1 at 7).

Count one of Lefkovitz's counterclaim argues that his use of the word "Thalamus" and graphic on the disputed domain were "materially different in appearance, context, and overall commercial impression, and were not likely to cause consumer confusion." (ECF No. 18 at 8). . . .

- 6 -

Thus, both Thalamus and Lefkovitz request the court to determine whether Lefkovitz's use of the disputed domain name and mark were done with the intent to mislead for commercial gain. By adjudicating the sole allegation in Thalamus's complaint, the court will necessarily decide whether this is the case. Accordingly, Lefkovitz's first count is redundant and is stricken.

C.  Count Two

In his second count, Lefkovitz seeks a declaratory judgment that he did not violate Thalamus's trademark and is not liable for false designation. (ECF No. 18 at 9). He contends that his use of the word "Thalamus" and a brain-themed graphic on <thalamus.com> were "materially different in appearance, context, and overall commercial impression, and were not likely to cause consumer confusion." (*Id.*).

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201(a). "[F]ederal courts have never been empowered to issue advisory opinions." *F.C.C. v. Pacifica Foundation*, 438 U.S. 726, 735 (1978). As the Ninth Circuit has cautioned, "[w]hen presented with a claim for a declaratory judgment, [ ] federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citation omitted); *see also Coal. for a Healthy Cal. v. F.C.C.*, 87 F.3d 383, 386 (9th Cir. 1996) (noting that "federal courts have never been empowered to issue advisory opinions").

The consequence is straightforward: "[a]bsent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades*, 504 F.3d at 1157.

"An actual case or controversy exists where 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "Moreover, the dispute has to be 'definite and concrete, touching the legal relations of parties having adverse legal interests.'" *Id.*

(quoting *MedImmune*, 549 U.S. at 127); *see also Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1269 (S.D. Cal. 2007) ("The controversy must be real, substantial, and capable of specific relief through a decree of conclusive character.").

Thalamus argues that no present controversy over infringement or false designation exists because it never brought those causes of action. Lefkovitz counters that Thalamus's accusations that he engaged in conduct creating confusion and violating the Lanham Act is itself enough to satisfy the actual controversy requirement.

As discussed above, Thalamus has brought a single claim against Lefkovitz—a violation of the ACPA—not one for trademark infringement or false designation. To prevail on a trademark infringement claim, a plaintiff must show that (1) it has a "protectible ownership interest in the mark" and (2) "the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2017). A claim for false designation of origin is subject to the same legal test. *See Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1249 (9th Cir. 2011).

Because Lefkovitz concedes that Thalamus owns the mark at issue, (ECF No. 1 ¶ 11, Exs. C–E; ECF No. 18, ¶ 15), the only question left before the court is whether his use of the mark is likely to cause consumer confusion.

To answer that question, the court must necessarily determine whether Lefkovitz's use was meant to mislead consumers. Although the analysis under Thalamus's ACPA claim resembles that of a trademark infringement claim, the two are not identical. In assessing the likelihood of confusion on a trademark infringement or false designation claim, the court analyzes a distinctly different set of factors than those for Thalamus's Section 1125(d)(B) ACPA claim. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979) (listing the eight likelihood of confusion factors for trademark infringement); *Rearden LLC v. Rearden Com., Inc*, 683 F.3d 1190, 1290 (9th Cir. 2012). A determination of Thalamus's ACPA claim therefore will not necessarily resolve whether Lefkovitz has violated the second element of a trademark infringement or false designation claim.

. . .

Even so, because Thalamus has not accused Lefkovitz of trademark infringement or false designation of origin, there is no concrete dispute between the parties on these issues. Moreover, because Lefkovitz has sufficiently pled no likelihood of confusion or intent to divert as his fifth affirmative defense, that issue is already preserved for adjudication, and allowing count two to proceed would be redundant.

If Thalamus eventually chooses to alter its pleadings later and file claims of trademark infringement and/or false designation as Lefkovitz alleges it could do, the affirmative defense remains the proper vehicle for raising the likelihood of confusion issue. Accordingly, count two of Lefkovitz's counterclaim is stricken.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Thalamus's motion to dismiss (ECF No. 22) be, and the same hereby is, GRANTED.

DATED June 4, 2026.

_____
UNITED STATES DISTRICT JUDGE