TRAVIS F. CHANCE, ESQ., Bar No. 13800
tchance@bhfs.com
SARAH K. VOEHL, ESQ., Bar No. 16646
svoehl@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

DHAIVAT H. SHAH, ESQ.
(admitted *pro hac vice*)
ds@grellas.com
GRELLAS SHAH LLP
550 California St., Suite 1040
San Francisco, California 94104
Telephone: 408.255.6310
Facsimile: 408.255.6350

*Attorneys for Plaintiff SJ Medconnect Inc., d/b/a/ Thalamus*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

SJ MEDCONNECT, INC., d/b/a THALAMUS,

Plaintiff,

v.

JOEL K. LEFKOVITZ and DOES 1-10, inclusive,

Defendants.

Case No.: 2:26-cv-00443

**STIPULATION AND [PROPOSED]ORDER REGARDING CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

Plaintiff SJ Medconnect, Inc., d/b/a Thalamus, and Defendant Joel Lefkovitz (collectively, the "Parties"), by and through the Parties' respective counsel, hereby enter into this Stipulated Confidentiality Agreement and Protective Order ("Protective Order") in accordance with Federal Rules of Civil Procedure 26(c) and 29, and Local Rule IA 10-5 of the United States District Court for the District of Nevada, in the above-captioned action ("Action").

Whereas, the Parties desire discovery of certain documents or other material which may contain sensitive, proprietary, trade secret, and/or confidential information that is not otherwise readily accessible to the public, it is hereby stipulated and agreed, by and between the Parties, by and through their respective undersigned counsel of record, that:

**1. Applicability of this Protective Order:** Subject to Sections 2 and 7 below, and except as otherwise ordered by this Court, this Protective Order will be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained in accordance with the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, one of the Parties (individually, a "Party") or a witness in connection with this Action (this information hereinafter shall be referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the Parties and nonparties that give testimony or produce documents or other information in connection with this Action; "Receiving Party" shall refer to any Party that receives such information; and "Authorized Recipient" shall refer to any person or entity authorized by Section 10 of this Protective Order to obtain access to "Confidential Information" (as defined in Section 3 below) or the contents of such Discovery Material.

**2. No Waiver:** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties and from nonparty Producing Parties. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

any document, testimony, or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any Party or nonparty to oppose production of any information on the grounds of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

**3. Confidential Information:** For purposes of this Protective Order, "Confidential Information" means all documents and information, whether in the form of a document, image, video, or otherwise, that constitutes, reflects, includes, or discloses nonpublic information, that the Producing Party reasonably and in good faith believes is entitled to protection under Federal Rule of Civil Procedure 26(c), including but not limited: (a) nonpublic business, financial, commercial, marketing, or strategic information; (b) nonpublic information concerning the registration, acquisition, ownership, valuation, marketing, offer for sale, or transfer of domain names; (c) nonpublic information concerning trademarks, branding, product development, or business plans; and (d) personal, private, or identifying information of nonparties, including the identities, account information, contact information, and transactional information of a Producing Party's customers, users, or subscribers. Information concerning the identities and personal information of a Producing Party's or nonparty's customers, users, or subscribers may be designated "Highly Confidential – Attorneys' Eyes Only" as provided in Section 4 below.

**4. Highly Confidential – Attorneys' Eyes Only Information**: For purposes of this Protective Order, "Highly Confidential – Attorneys' Eyes Only Information" is any Confidential Information as defined in Section 3 above that also consists of (a) extremely sensitive, highly confidential, nonpublic information, consisting of trade secrets or proprietary or other competitively sensitive business, financial, or strategic information (including information regarding business plans, technical data, source code, and nonpublic designs), the disclosure of which would create a substantial risk of competitive or commercial harm; or (b) the identities, account information, contact information, IP addresses, purchase or transactional histories, or other personally identifying information of a Producing Party's or nonparty's customers, users, or subscribers, the disclosure of which would compromise the privacy interests of those customers,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

users, or subscribers. Materials designated as Highly Confidential – Attorneys' Eyes Only shall not be disclosed to any Party personally (including a Party's officers, directors, employees, or agents), but may be disclosed only to those persons identified in Section 11 of this Order. Counsel of record may review, rely upon, summarize, and use such information for purposes of prosecuting or defending this Action, provided that the protected identifying or sensitive information is not disclosed to any Party. Designation of materials as Highly Confidential – Attorneys' Eyes Only shall not be used as a basis to withhold discoverable information. Where feasible, redaction shall be employed in lieu of an Attorneys' Eyes Only designation. The Producing Party bears the burden of establishing that no less restrictive means is sufficient to address the asserted confidentiality concern. Notwithstanding the foregoing, if a Producing Party contends that certain Highly Confidential – Attorneys' Eyes Only Information requires alternative or additional protections beyond those provided in this Order, the parties shall meet and confer in good faith. If the dispute cannot be resolved, the Producing Party may move the Court for appropriate relief pursuant to Federal Rule of Civil Procedure 26(c).

**5. Designating Confidential Information or Highly Confidential – Attorneys' Eyes Only Information:** Any Producing Party may designate Discovery Material that is in its possession, custody, or control as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order before producing the Discovery Material to a Receiving Party if the Producing Party in good faith believes that such Discovery Material contains Confidential Information or Highly Confidential – Attorneys' Eyes Only Information as defined in Sections 3 and 4 above. The Designating Party will advise any Receiving Party of this fact by marking all copies of such information, documents, things, or responses, or portions thereof deemed to be confidential as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (whether produced in hard copy or electronic form) and informing the Receiving Party that a production contains Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Nothing in this section will extend confidentiality or the protections associated therewith to any

information that does not otherwise constitute Confidential Information or Highly Confidential – Attorneys' Eyes Only Information as defined in Sections 3 and 4 herein.

**6. Redaction Allowed:** Any Producing Party may redact from the documents or things it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege or protection from disclosure. Any Producing Party also may redact information that is both personally-identifying and nonresponsive, such as a social security number, personal phone number, or home address. A Producing Party may not withhold non-privileged, responsive information solely on the grounds that such information is contained in a document or thing that includes privileged information. The Producing Party will mark each redaction with a legend stating "REDACTED," and include an annotation indicating the specific reason for the redaction (*e. g.* , "REDACTED—Work Product"). All documents redacted based on attorney-client privilege or work product protection shall be listed in an appropriate log. The Producing Party shall preserve an unredacted version of each redacted document. Redaction, not wholesale withholding, shall be the preferred mechanism for protecting confidential information concerning nonparty customers, users, or subscribers, or other confidential commercial information, where the identifying information is not itself relevant to the claims or defenses in this Action.

**7. Use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information:** Except as provided herein, Confidential Information or Highly Confidential – Attorneys' Eyes Only Information designated or marked in accordance with this Protective Order will be maintained in confidence by the Receiving Party and any Authorized Recipient, used solely for purposes of this Action and shall be disclosed to no one except those persons identified herein in Sections 10 and 11. Confidential Information or Highly Confidential – Attorneys' Eyes Only Information produced by another Party must not be used by any Receiving Party for any commercial, competitive, or personal purpose. Nothing in this Protective Order will govern or restrict a Producing Party's use of its own Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in any way. Should the need arise for any of the parties to





BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

disclose Confidential Information or Highly Confidential – Attorney's Eyes-Only Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party shall notify all other parties sufficiently in advance of such hearing and such Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall not be published or disseminated in open court absent further order of the court.

**8. Previously Produced Discovery Material and ESI:** Once the Court enters this Protective Order, all previously produced Discovery Material marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be treated as such and a Party shall have thirty (30) calendar days to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any Discovery Material previously produced in this Action, which it can do by stamping "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the material, or informing the other Parties in writing of the Bates-numbers of the materials so designated.

**9. Use of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information in Depositions:** Counsel for any Party will have the right to disclose Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at depositions, provided that such disclosure is consistent with this Protective Order, including Sections 10, 11, and 12. To the extent any Receiving Party intends to show a deposition witness any Highly Confidential – Attorneys' Eyes Only Information produced by the Producing Party that such witness would not otherwise be permitted to review pursuant to Section 10(b)-(f), the Receiving Party shall provide written notice at least 3 business days in advance of such deposition, and the Parties shall meet and confer in good faith about any disclosures thereof. In the event the Producing Party does not agree to permit the Producing Party to disclose the Highly Confidential – Attorneys' Eyes Only Information to the deposition witness, the Receiving Party may petition the Court for appropriate relief, but shall not disclose such information absent a ruling by the Court. Any counsel of record may request that all persons not entitled under Sections 10 and 11 of this Protective Order to have access to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information leave the deposition room during the confidential or highly confidential

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

portion of the deposition. Failure of such other persons to comply with a request to leave the deposition will constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Additionally, at any deposition session, (1) upon inquiry with regard to the content of any Discovery Material(s) designated or marked confidential or highly confidential; (2) whenever counsel for a Party deems that the answer to a question may result in the disclosure or revelation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information; and/or (3) whenever counsel for a Party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, counsel to any Party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in accordance with this Protective Order by a statement on the record during the deposition or by notifying all other Parties in writing, within thirty (30) calendar days of receiving the transcript or video that contains Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and designating the specific pages, lines, and/or counter numbers as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. If no confidentiality designations are made within the thirty (30) day period, the entire transcript shall be considered non-confidential. During the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information (or Highly Confidential – Attorneys' Eyes Only Information, as the case may be). All originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be prominently marked "Confidential" or "Highly Confidential – Attorneys' Eyes

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

Only" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal.

**10. Persons Authorized to Receive Confidential Information ("Authorized Recipients"):** Confidential Information produced in accordance with this Protective Order may be disclosed or made available only to the Court, its employees, other court personnel, any discovery referee, mediator, or other official who may be appointed by the Court, and to the persons below:

(a) A Party, or officers, directors, employees, and agents of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action;

(b) Counsel for a Party (including in-house attorneys, outside attorneys associated with a law firm(s) of record, and paralegal, clerical, and secretarial staff employed by such counsel);

(c) Persons retained by a Party to provide litigation support services (e-discovery vendors, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.);

(d) Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a Party, but a Party may seek leave of court to provide information to a consultant employed by a competitor;

(e) Court reporter(s) and videographers(s) employed in this Action;

(f) Any authors or recipients of the Confidential Information;

(g) Trial or deposition witnesses, if furnished, shown or disclosed in accordance with Sections 7 or 9, respectively; and

(h) Any other person as to whom the Parties in writing agree.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (h) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed to any person not permitted to have

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.

Any person to whom Confidential Information is disclosed pursuant to subpart (c), (d), (g), or (h) of this Section shall be required to agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A in advance of being shown the Confidential Information. No Party (or its counsel) shall discourage any persons from signing a copy of Exhibit A. Proof of each written agreement provided for under this section shall be maintained by the counsel of record for the Party seeking to reveal the Confidential Information while this Action is pending and disclosed to the other Parties upon good cause shown or upon order of the Court.

If a person refuses to execute a copy of Exhibit A, the Parties agree that a Party seeking to reveal the Confidential Information may seek an order from the Court via noticed motion to be heard on shortened time, directing that the person be bound by this Protective Order. In the event of the filing of such motion, Confidential Information may not be disclosed to such person until the Court resolves the issue.

**11. Persons Authorized to Receive Highly Confidential – Attorneys' Eyes Only Information:** Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential – Attorney's Eyes-Only Information shall not be furnished, shown, or disclosed to any person or entity except to those identified in subsections (b) through (f) of Section 10 above. To the extent a Receiving Party seeks to disclose a Producing Party's Highly Confidential – Attorneys' Eyes Only Information to a deposition witness, the Receiving Party shall follow the procedures set forth in Section 9 above. Any person to whom Highly Confidential – Attorneys' Eyes Only Information is disclosed shall also be required to execute a copy of the form Exhibit A. No Party shall have access to Highly Confidential -- Attorneys' Eyes Only materials. Access shall be limited to the persons identified in subsection (b) through (f) of Section 10 above.

**12. Use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in Court Filings:** Any Party seeking to file with or disclose to the Court any materials designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

must do so by complying with Federal Rule of Civil Procedure 26(c) and Local Rule IA 10-5 of the United States District Court for the District of Nevada. The Designating Party will have the burden to provide the Court with any information necessary to support the designation as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. If any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is used in any pretrial Court proceeding in this Action, it shall not necessarily lose its confidential or highly confidential status through such use, and the Party using such information shall take all reasonable steps consistent with the applicable Rules to maintain its confidentiality during such use.

**13. Notice to Nonparties:** Any Party issuing a subpoena to a nonparty shall serve a copy of this Protective Order together with the subpoena and shall advise the nonparty that it may designate any Discovery Material it produces as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information pursuant to the terms of this Protective Order. This Protective Order shall be binding in favor of any such designating nonparty to the maximum extent permitted by law. Any nonparty invoking the Protective Order shall comply with, and be subject to, all applicable sections of the Protective Order, and shall be entitled to all of the protections this Protective Order affords a Producing Party, including the right to designate Discovery Material, to defend or challenge designations, and to seek relief from the Court.

**14. Knowledge of Unauthorized Use or Possession:** If a Party receiving Confidential Information or Highly Confidential – Attorneys' Eyes Only Information learns of any possession, knowledge, use, or disclosure of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in violation of the terms of this Protective Order, the Receiving Party shall immediately notify in writing the Producing Party. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use, or disclosure. With respect to such unauthorized possession, knowledge, use, or disclosure, the Receiving Party shall assist, to the extent possible, the Producing Party in remedying the disclosure (*e. g.* , by retrieving the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information from an unauthorized recipient) and/or preventing its recurrence.

**15. Copies, Summaries, or Abstracts:** Any copies, summaries, abstracts, demonstratives, or exact duplications of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and shall be considered Confidential Information or Highly Confidential – Attorneys' Eyes Only Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential – Attorneys' Eyes Only Information will not be subject to this section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

**16. Information Not Confidential:** The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

(a) Were obtained from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(b) Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(c) Under law, have been declared to be in the public domain.

**17. Challenges to Designations:** Any Party may object to the designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information on the ground that such information does not constitute Confidential Information or Highly Confidential – Attorneys' Eyes Only Information by serving written notice upon counsel for the Producing Party specifying the item(s) in question, the grounds for the objection, and arranging for a meet and confer among the Parties. If the Parties cannot resolve the matter, the Party challenging the designation may file a noticed motion with the Court pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of the United States District Court for the District of Nevada to resolve the dispute. This Protective Order will not affect the burden of proof on any such motion, or impose any burdens upon any Party that would not exist had the Protective Order not been entered; as a general matter, the burden shall be on the Designating Party to establish that the challenged material is properly

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

designated. Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such dispute has been resolved or, if applicable, such motion has been ruled upon.

**18. Reservation of Rights:** The Parties each reserve the right to seek or oppose additional or different protection for particular information, documents, materials, items, or things. This Protective Order will not enlarge or affect the proper scope of discovery in this Action. In addition, this Protective Order will not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under law.

**19. Inadvertent Failure to Designate:** The inadvertent failure to designate information produced in discovery as ”Confidential” or “Highly Confidential – Attorneys' Eyes Only” in accordance with this Protective Order will not be deemed, by itself, to be a waiver of the right to so designate such Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Upon learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure. Disclosure of such Discovery Material to any other person prior to later designation of the Discovery Material in accordance with this section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all Parties shall treat such information as though properly designated, and shall take any actions necessary to prevent any future unauthorized disclosure, use, or possession.

**20. No Waiver of Privilege:** Disclosure (including production) of information in this Action that a Party or nonparty later claims was inadvertent and should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine (“Privileged Information”), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production of such Privileged Information as to which the Disclosing or Producing Party would be entitled in this Action.

**21. Inadvertent Disclosure of Privileged Information:** The Receiving Party hereby agrees to promptly return, destroy, or sequester any Privileged Information disclosed or produced by a Disclosing or Producing Party, including any copies, upon request by a Disclosing or Producing Party until the claim of inadvertent disclosure is resolved pursuant to this paragraph, regardless of whether the Receiving Party disputes the designation of Privileged Information. The Producing Party shall provide substitute or overlay files containing the appropriate redactions. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party will object in writing by notifying the Producing Party of the dispute and the basis therefor. The Objecting Party must treat the information as privileged or protected and must cease any use or disclosure of the information and sequester the information until the claim is resolved. The Parties thereafter shall meet and confer in good faith regarding the disputed claim. In the event that the Parties do not resolve their dispute, the Objecting Party may bring a noticed motion for a determination of whether a privilege applies within fifteen (15) days of the meet-and-confer session, but may only contest the asserted privileges on grounds other than the inadvertent production of such document(s). In making such a motion, the Objecting Party shall present the information to the Court under seal in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein shall relieve counsel from abiding by applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed privileged or otherwise protected material. The failure of any Party to provide notice or instructions under this section shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production of such Privileged Information as to which the Disclosing or Producing Party would be entitled in this Action.

**22. Inadvertent Production of Non-Discoverable Documents:** If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return or destroy the document, and the Receiving Party will return or destroy the document. A Producing Party may not request the return of a document pursuant to this section if the document contains any discoverable information. If a

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

Producing Party inadvertently fails to redact personal information (*e. g.* , a social security number, personal phone number, or home address), the Producing Party may provide the Receiving Party a substitute version of the document that redacts the personal information, and the Receiving Party shall return the original, unredacted document to the Producing Party or destroy the document. If any Party disputes that the produced document contains no discoverable information ("Objecting Party"), that Objecting Party shall object in writing by notifying the Producing Party of the dispute and the basis therefor. The Objecting Party must cease any use or disclosure of the information and sequester the information until the claim is resolved. The Parties thereafter shall meet and confer in good faith regarding the disputed claim. In the event that the Parties do not resolve their dispute, the Objecting Party may bring a noticed motion for a determination of whether the document is discoverable within fifteen (15) days of the meet-and-confer session.

**23. Return of Information:** Within sixty (60) days after the final disposition of this Action, all documents containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information produced by an opposing Party or nonparty (including, without limitation, any copies, extracts, or summaries thereof) as part of discovery in this Action shall be destroyed by the Parties to whom the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information was produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such documents containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information (including, without limitation, any copies, extracts, or summaries thereof) have been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions, and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, but only to the extent necessary to preserve a litigation file with respect to this Action. Authorized Recipients shall take reasonable efforts to see that, to the extent possible, all Confidential Information and Highly Confidential –

Attorneys' Eyes Only Information and copies are either destroyed or returned to the Producing or Disclosing Party. This section shall not apply to the Court, its employees, or other court personnel.

**24. Attorney's Fees:** Nothing in this Protective Order is intended to either expand or limit a prevailing Party's right under Federal Rule of Civil Procedure 37 or other applicable federal law to pursue costs and attorneys' fees incurred related to confidentiality designations or the abuse of the process described herein.

**25. Injunctive Relief Available for Unauthorized Disclosure or Use of Confidential Information:** The Parties and/or nonparties shall not utilize any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information for their own personal and/or business advantage or gain, aside from purpose(s) solely related to the instant litigation, including any mediation or settlement negotiations. Further, the Parties and/or nonparties receiving or being given access to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information acknowledge that monetary remedies would be inadequate to protect each Party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that the Receiving Party only received through discovery in this Action and that injunctive relief would be necessary and appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. The availability of injunctive relief to protect against the unauthorized disclosure or use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not be exclusive.

**26. Other Actions and Proceedings:** If a Receiving Party (a) is subpoenaed in another action, investigation, or proceeding, (b) is served with a demand in another action, investigation, or proceeding, or (c) is served with any legal process by one not a Party to this Protective Order, seeking materials which were produced or designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order, the Receiving Party shall give prompt written notice by electronic transmission to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand, or legal process,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

or such shorter notice as may be required to provide other Parties with the opportunity to object to the immediate production of the requested Discovery Material to the extent permitted by law. The Receiving Party must make reasonable, good-faith efforts to provide the Producing Party or the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move on a noticed motion for any protection for the Discovery Materials, before the Receiving Party takes any action to comply with the subpoena. The burden of opposing enforcement of the subpoena shall fall upon the Party or nonparty who produced or designated the Discovery Material as confidential. Unless the Party or nonparty who produced or designated the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information obtains an order directing that the subpoena not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the subpoena, the Receiving Party shall be permitted to produce documents responsive to the subpoena on the subpoena response date (or, if later, the date agreed to by the Receiving Party and party issuing the subpoena). Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

**27. Execution in Counterparts:** This Protective Order may be signed in counterparts, and a fax or "PDF" signature shall have the same force and effect as an original ink signature.

. . .

. . .

. . .

. . .

. . .

. . .

**28. Order Survives Termination:** This Protective Order shall survive the termination of this Action, and this Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

**IT IS SO STIPULATED.**

DATED: September 2, 2026

**CHOKEN WELLING LLP**

/s/ David A. Welling
DAVID A. WELLING (Ohio Bar No. 75934)
(admitted *pro hac vice*)
PO Box 14840
Copley Twp., Ohio 44321
Tel: (330) 865-4949/Fax: (330) 865-3777
Email: davidw@choken-welling.com

*Counsel for Defendant Joel Lefkovitz*

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

/s/ Travis F. Chance
TRAVIS F. CHANCE (303566)
SARAH K. VOEHL (16646)
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Phone: (702) 382-2101/Fax: (702) 382-8165
Email: tchance@bhfs.com svoehl@bhfs.com

GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (admitted *pro hac vice)*

*Counsel for Plaintiff SJ Medconnect, Inc. d/b/a Thalamus*

**IT IS SO ORDERED.**

**United States Magistrate Judge**

**Dated:** September 2, 2026

Case No. 2:26-cv-00443-JCM-EJY



52842198.1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

**<u>EXHIBIT A</u>**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ___________________________, have read in its entirety and understand the Protective Order that was entered by the United States District Court, for the District of Nevada on ______________, 2026, in the case of *SJ Medconnect, Inc., d/b/a Thalamus v. Joel Lefkovitz*, Case No. 2:26-cv-00443. I agree to comply with and to be bound by all terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity, except in strict compliance with the provisions of the Protective Order. Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to the Protective Order.

At the conclusion of this matter, I will return all Protected Material that came into my possession from counsel for the party from whom I received the Protected Material, or I will destroy those materials. I understand that any Confidential or Highly Confidential – Attorneys' Eyes Only Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of the Protective Order. I further agree to submit to the jurisdiction of the United States District Court, for the District of Nevada for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I certify under the penalty of perjury that the foregoing is true and correct.

Date: _______________________________________________

City and State where signed: _________________________

Printed name: ____________________________________

Address: ________________________________________

Signature: _______________________________________